# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CALLISTA, : | |
| : | Hon. Joseph H. Rodriguez |
| Plaintiff, : | |
| : | Civil Action No. 07-cv-206 |
| v. : | |
| : | **MEMORANDUM OPINION** |
| : | **& ORDER** |
| INVERSORA INTERNACIONAL : | |
| HOTELERA S.A, A COMPANY : | |
| ORGANIZED UNDER THE LAWS OF : | |
| THE DOMINICAN REPUBLIC, etc., : | |
| : | |
| Defendant. : | |

This matter comes before the Court on the motion of Defendant Inversora Internacional Hotelera S.A. ("Inversora") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons set forth below, as well as those placed on the record during oral argument, the motion will be granted.

## I. Background

On or about January 15, 2005, Plaintiff James Callista was a guest at the Grand Flamenco Resort ("Grand Flamenco") in Punta Cana; the Grand Flamenco is owned and operated by Inversora, which is alleged also to do business as Occidental Hotels, Inc. While at the Grand Flamenco, all of the Plaintiff's meals were prepared and served by Inversora. Plaintiff has alleged that during his stay, as a result of Inversora's negligence, he contracted food poisoning. He seeks damages to compensate him for severe and permanent physical, emotional, and psychological injury and medical expenses. In a second count, Plaintiff also alleges that Inversora manufactured, prepared, and sold unwholesome food to him in violation of the New Jersey Food and Drug Act, N.J. Stat. Ann. § 24:1-1.

## II. Analysis

*Standard on a Rule 12(b)(2) motion*

If a defendant raises lack of personal jurisdiction as a defense, the plaintiff has the burden of showing "sufficient facts" to establish jurisdiction is proper. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). The plaintiff meets it burden by making out a *prima facie* case of proper jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Id. (citation and internal quotation marks omitted). A plaintiff's allegations are "taken as true and factual disputes drawn in its favor" when the district court does not hold an evidentiary hearing on the jurisdictional facts. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

A plaintiff must make actual proofs and not just allegations of jurisdiction; it can do this with sworn affidavits and competent evidence but not on "bare pleadings alone." Id. (quoting Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990)). If the plaintiff meets it burden, the defendant has to make a "compelling" case that the Court exercising jurisdiction is "unreasonable." Mellon Bank, 960 F.2d at 1226 (citations and internal quotation marks omitted). The court must determine personal jurisdiction for each defendant. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984). A dismissal for lack of personal jurisdiction is not a final judgment on the merits, which would preclude the claim in another court. Saudi v. Acomarit Mar. Servs., S.A., 245 F. Supp. 2d 662, 679 (E.D. Pa. 2003), *aff'd* 114 Fed. Appx. 449 (3d Cir. 2004).

***Personal Jurisdiction, Generally***

A federal court exerts personal jurisdiction to the extent authorized by the law of the state in which that court sits.  See Provident Nat'l Bank v. California Fed. Sav. and Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987) (citing Fed. R. Civ. P. 4(e)).  The New Jersey Long-Arm Statute permits an exercise of jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Nicholas v. Saul Stone & Co. LLC, 224 F.3d 179, 184 (3d Cir. 2000); N.J. Ct. R. 4:4-4.

Due process limits a state's power to assert personal jurisdiction over a nonresident defendant.  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)).  Due process is satisfied when a defendant has minimum contacts with a forum state, so that a court's jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).  A suit offends due process when there are no ties, contacts, or relations between the state and the defendant.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); Int'l Shoe, 326 U.S. at 319; see also Keeton, 465 U.S. at 780 ("[I]nquiry [into personal jurisdiction] focuses on the relations among the defendant, the forum and the litigation.").  Conversely, if a party's contacts meet the constitutional minimum contacts requirement, the district court likely has personal jurisdiction.  Miller Yacht, 384 F.3d at 96.

Two types of personal jurisdiction may be asserted over a defendant, specific and general.

*Specific Jurisdiction*

Whether a court can exercise specific personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). Specific jurisdiction is established when the cause of action arises directly out of the defendant's contacts with the forum. Helicopteros, 466 U.S. at 414 n.8. The threshold inquiry for specific jurisdiction is whether the defendant had sufficient "minimum contacts" with the jurisdiction. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Minimum contacts are satisfied if "'the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefit and protection of its laws.'" Hanson, 357 U.S. at 253 (citing Int'l Shoe, 326 U.S. at 319)). A single contact with a state can be enough to create specific jurisdiction, as long as the connection is "substantial." Burger King v. Rudzewicz, 471 U.S. 462, 476 n.18 (1985). Such purposeful contact with the forum makes it reasonable for the defendant "to anticipate being haled into court there." World-Wide Volkswagen, 444 U.S. at 297. Specific jurisdiction is not satisfied, however, where the unilateral acts of the plaintiff alone bring the defendant into the forum. Id. at 298.

In response to the instant motion, Plaintiff acknowledges that Inversora is a company organized under the laws of the Dominican Republic. He points to a website, www.modernagent.com, which references Occidental Hotels and Resorts to argue that Inversora "seeks business from the entire United States." The posting of an Internet advertisement alone, however, is insufficient to establish personal jurisdiction. Remick v. Manfredy, 238 F.3d 248, 259 (3d Cir. 2001). Rather, a plaintiff must show "a

4

deliberate targeting of the forum." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). There simply is no competent evidence in the record that would tend to establish that Inversora "purposely availed itself of conducting activities within the forum." Id.

Moreover, Plaintiff does not allege that his cause of action arises from or is related to any contact purposefully directed at New Jersey. Plaintiff does not assert that he made a reservation through the web site, or that he was enticed to visit the Grand Flamenco as a result of the web site, in the nature of a national advertisement. Under the facts alleged, therefore, Plaintiff has failed to sustain his burden of establishing that Inversora had sufficient minimum contacts with New Jersey, and that his claims arise out of or relate to those contacts, and accordingly he has failed to establish that this Court has specific personal jurisdiction over Inversora.

***General Jurisdiction***

Alternatively, general jurisdiction exists where a defendant has "continuous or systematic" contacts with the forum. Helicopteros, 466 U.S. at 414 (citing Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952)). When such contacts are present, a court may adjudicate as to a defendant even where the controversy before the court is unrelated to the defendant's activities within the forum. Id. The Third Circuit has held that in order to properly exercise general personal jurisdiction over a defendant, the required contacts must be significantly more than mere minimum contacts. See Provident Nat'l Bank, 819 F.2d at 437. These contacts must show that the defendant carried on a continuous and substantial part of its business within the forum state. Id. at 438.

5

The fact that a defendant engages in advertising or promotion that reaches New Jersey residents does not itself subject that defendant to general jurisdiction in this forum.  See Giangola v. Walt Disney World Co., 753 F. Supp. 148, 156 (D.N.J. 1990) ("In an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction.").  See also Covenant Bank v. Cohen, 806 F. Supp. 52, 57 (D.N.J. 1992) (holding advertisements in a forum, without more, do not create general jurisdiction).  Nor does merely maintaining a website accessible by New Jersey residents suffice.  Osteotech v. Gensci Regeneration Sciences, Inc., 6 F. Supp.2d 349, 356 (D.N.J. 1998) (expressing concern that a finding of jurisdiction based on an Internet website would amount to a finding of worldwide jurisdiction over anyone who establishes a website).

Thus, the Court finds that Plaintiff simply has not alleged any facts from which the Court can conclude that Inversora's activities in New Jersey meet the standard to create general jurisdiction.  As discussed above, Inversora is a foreign corporation, having its principal place of business in the Dominican Republic.  It does not maintain any offices or employees in New Jersey, it owns no property in New Jersey, and there are no allegations that Inversora conducts business in New Jersey.  There is no competent evidence in the record that Inversora maintained the continuous and substantial contacts with this forum necessary to support general personal jurisdiction.

***Traditional Notions***

Because Inversora does not have sufficient minimum contacts with the forum to exercise personal jurisdiction, the Court need not address whether such an exercise would "comport with fair play and substantial justice."  Miller Yacht, 384 F.3d at 97 (citing Burger King, 471 U.S. at 476).

## III. Conclusion

For the reasons articulated above,

IT IS ORDERED this 15th day of January 2009, that the Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is hereby **GRANTED**.

                                                                   /s/ Joseph H. Rodriguez
                                                                   JOSEPH H. RODRIGUEZ
                                                                        U.S.D.J.